STATE, Respondent, v. McNABB, Appellant.

(246 N. W. 291.)

(File No. 7094.   Opinion filed December 30, 1932.)

For former opinion, see 60 S. D. 431, 244 N. W. 651.

*Danforth & Davenport,* of Sioux Falls, for Appellant.

*M. Q. Sharpe,* Attorney General, for the State.

CAMPBELL, P. J.   Defendant was convicted of first-degree manslaughter and upon appeal the judgment was affirmed. See same title, 60 S. D. 431, 244 N. W. 651.   Thereafter defendant,

now represented · by different counsel, petitioned this court for rehearing, which petition was granted, and the matter has been reargued.

The facts are quite fully set out. in the former opinion, to which reference is hereby made. In the argument on rehearing several matters are most earnestly urged in behalf of defendant, which on the former argument were not pressed upon the attention of the court though doubtless raised by some of the matter in the briefs.

The information is set out in the former opinion, but for convenience is here repeated as follows: "That heretofore, to-wit: on the 30th day of October 1929, in the County of Hamlin and State of South Dakota, Warren McNabb, the defendant above named, did commit the crime of manslaughter in the first degree, as follows, to-wit: That Warren McNabb, the defendant above named, on or about the 30th day of October, 1929, in Hamlin County, South Dakota, and without design to effect death, did then and there carelessly and heedlessly, in willful and wanton disregard of the rights and safety of others and without due caution and circumspection and at an excessive rate of speed and in a manner so as to endanger any person or property, did wilfully and unlawfully and feloniously drive a Dodge Sport Roadster automobile upon the public highways of said County of Hamlin and State of South Dakota, and while the said defendant, Warren McNabb, at said time and place, being engaged in wilfully, knowingly and unlawfully transporting a large quantity of intoxicating liquor, to-wit: 29 gallons of alcohol, upon a public highway in said County of Hamlin and State of South Dakota, in such a manner as to run and crash said Dodge Sport Roadster automobile into one Chevrolet automobile in which one Mrs. Edla Moen was riding and which Chevrolet automobile was lawfully upon said highway at said time and place, thereby fatally injuring said Mrs. Edla Moen in such a manner that she, Mrs. Edla Moen, did die on or about the 30th day of October, 1929, as a direct and approximate cause of said reckless driving and culpable negligence of said defendant, Warren McNabb, and by reason of all the facts aforesaid, the said defendant Warren McNabb thereby committing the crime of manslaughter in the first degree, contrary to the form of the statute in such case

made and provided, and against the peace and dignity of the State of South Dakota."

It is reiteration of the obvious to say again that this information is a long way from a model pleading. To constitute manslaughter in the first degree under subdivision 1, § 4020, R. C. 1919, the homicide must be perpetrated, without a design to effect death, while engaged in the commission of a misdemeanor. So far as the information refers to death caused by culpable negligence of the defendant, it has nothing whatever to do with first-degree manslaughter, but speaks the language of second-degree manslaughter under section 4024, R. C. 1919. So far as concerns first-degree manslaughter, the information appears to make reference to two distinct misdemeanors: One, the reckless driving of an automobile; and, the other, the unlawful transportation of intoxicating liquor. It is obvious that the unlawful transportation of intoxicating liquor is not in and of itself an offense of such nature that it could be the proximate cause of the death of a third person. If while engaging in the unlawful transportation of liquor the transporter recklessly operates an automobile whereby a collision occurs resulting in a death, the proximate cause of the death is the separate and distinct misdemeanor of reckless operation of the automobile and not the misdemeanor of unlawful transportation. The object or motive which may be the inducing cause of the reckless operation of the automobile is entirely immaterial. The relation of effect and proximate cause runs from the death to the reckless operation of the automobile, and it is not material whether such reckless operation is induced on the part of the driver by a desire for the rapid though unlawful transportation of liquor, or by a perfectly legitimate ambition to catch a train, see a fire, or attend a funeral. Evidence was admitted in this case, over defendant's objection, showing the presence of a large quantity of intoxicating liquor in his automobile at the time of the collision. Whether defendant waived his objection to the admission of such testimony by instructions subsequently requested by him and, if not, whether the testimony should have been admitted over his objection, are points which we find it unnecessary to attempt to determine at this time. Certainly if such evidence was properly admissible it was not for the purpose of showing the existence

of the misdemeanor of unlawful transportation of liquor, for no relation of proximate cause could exist or is claimed to exist in this cause between such misdemeanor per se and the death in question. Evidence of the presence of the liquor, if admissible at all, could be permitted only upon the theory of the Michigan case of People v. Harris, 214 Mich. 145, 182 N. W. 673, 16 A. L. R. 910, cited in the former opinion herein, which case held, in substance, that it was proper to admit evidence of the presence of liquor as a factor to be considered by the jury in determining whether or not the defendant at the time in question was probably operating his automobile rapidly and recklessly. The validity of that theory we do not now undertake to decide. The court's instructions were partially quoted in the former opinion. We here set out the complete text of instructions 3 to 10, inclusive (italics ours), to all of which defendant took proper exception:

"If the State has proven to your satisfaction beyond all reasonable doubt, that at the time and place mentioned in the information, the defendant caused the death of Mrs. Edla Moen and that her death was so caused by said defendant without any design or intention on his part to effect her death, but that her death was so caused by defendant *while he was engaged in the commission of a misdemeanor, the commission of which misdemeanor caused the death of said Edla Moen,* it will be your duty to find the defendant guilty of manslaughter in the first degree. If, however, the State has failed to prove these matters to your satisfaction, beyond a reasonable doubt, it will be your duty to acquit him."

"You are instructed that under the laws of this state any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of a misdemeanor. Therefore, if the State has proven to your satisfaction beyond all reasonable doubt, that the defendant at the time and place charged in the information caused the death of said Edla Moen, and that he was at said time wilfully driving his motor vehicle upon the highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others or without due caution and circumspec-

tion and at a rate of speed or in a manner so as to endanger or be likely to endanger any person or property, then it will be your duty to find the defendant guilty of manslaughter in the first degree."

"The Court further instructs the jury that the law of this State provides that drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible, and that the law provides that any failure to do so constitutes a misdemeanor. You are therefore instructed that if the defendant caused the death of the said Edla Moen at the time and place mentioned in the information and caused the same by failing to pass to the right of the car in which said Edla Moen was at said time riding, and that her death was so caused by reason of the failure of said defendant to pass to the right of said car, and that his failure to so pass to the right of such car was due either to his carelessness or wanton disregard of the rights of others, than it will be your duty to find him guilty of manslaughter in the first degree."

"You are further instructed that the transportation or carrying of intoxicating liquor in motor vehicles or otherwise, in this state, constitutes a misdemeanor; and the term intoxicating liquor as the same is used in the law includes alcohol, whiskey, wine, beer, and any and all mixtures containing alcohol which are capable of being used as a beverage. If the State has proven to your satisfaction beyond all reasonable doubt that the defendant caused the death of said Edla Moen at the time and place mentioned in the information and has further proved to your satisfaction, beyond all reasonable doubt, that at said time said defendant was engaged in the misdemeanor of transporting liquor, then *you may consider whether the commission of that misdemeanor by the defendant caused such death.* It is the theory of the prosecution that the defendant was driving carelessly and at a high rate of speed in order to transport this liquor, and that by reason of the manner in which said defendant so operated his car for such purpose the said Edla Moen was killed. If the evidence produced satisfies you beyond all reasonable doubt of these matters, then you should find the defendant guilty of manslaughter in the first degree. *Unless, however, you find beyond all reasonable doubt that the transportation of this*

*liquor was connected with the cause of death of said Edla Moen,* then you should not further consider the matter of such transportation of liquor." "If the State has failed to prove to your satisfaction beyond all reasonable doubt, that the death of said Edla Moen was caused by the defendant and also *that at such time he was engaged in the commission of one of the misdemeanors hereinbefore referred to, and that but for the commission of such misdemeanor by said defendant the death of said Edla Moen would not have been so caused by him, then it will be your duty to acquit the defendant.* In other words, you cannot find the defendant guilty of manslaughter in the first degree unless the State has proven to your satisfaction, beyond all reasonable doubt, that the defendant caused the death of said Edla Moen, at the time and place mentioned in the information and also, that he was at said time engaged in the commission of a misdemeanor, and that but for his commission by defendant of such misdemeanor, the death of said Edla Moen would not have been caused."

"You are further instructed that you cannot find the defendant guilty in this case unless the death of said Edla Moen was caused directly by the wrongful acts of the defendant. If it appears to you that her death was the result of a mere accident, you should acquit the defendant, and you should bear in mind that the burden is upon the State to prove beyond all reasonable doubt, not only that the said Edla Moen was killed, but also that she was killed by the wrongful act of the defendant and resulted directly from the commission of a misdemeanor by him."

At the time charged in the information there was in force in this state chapter 251, Laws 1929, known as the Uniform Motor Vehicle Act. Section 3 of title 2 of such act reads as follows: "Reckless Driving. Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in Section 64 of this act."

Section 64 of title 5 of the act reads as follows: "Penalty for Reckless Driving. Every person convicted of reckless driving

under Section 3 of this act shall be punished by imprisonment in the county or municipal jail for a period of not less than five days nor more than ninety days or by fine of not less than five dollars nor more than five hundred dollars or by both such fine and imprisonment, and on a second or subsequent conviction shall be punished by imprisonment for not less than ten days nor more than six months or by a fine of not less than fifty dollars nor more than one thousand dollars, or by both such fine and imprisonment."

Section 12 of title 2 of said act reads as follows: "Meeting of Vehicles. Drivers of vehicle proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible."

And the penalty for violation of section 12, under subdivision (b), § 62, of title 5, is a fine of not more than $100 or imprisonment in jail for not more than ten days. It is to be observed that, under the provisions of this law, reckless driving and driving upon the left side of the highway are separate and distinct misdemeanors differently punishable. It is doubtless true that driving upon the left side of the highway might, under some circumstances and in some cases, amount to reckless driving, but certainly it must be admitted that there might be many violations of section 12 which would not, in and of themselves, constitute violations of section 3 and which would be punishable only under section 62 and not under section 64.

Looking at the instructions above set out, it is apparent that the court defined three separate and distinct statutory misdemeanors, one of which, driving upon the left side of the highway, was not mentioned at all in the information; and a second of which, the unlawful transportation of intoxicating liquor, could not per se have been the proximate cause of the death in question. Considering the language of the court in the whole charge above set out, and particularly that italicized in the foregoing quotation, we think the instructions were erroneous in permitting the jury to take into consideration a distinct and separate misdemeanor not referred to at all in the information, to wit, driving on the left-hand side of the road and in reiterating to the jury that they should convict if the defendant was engaged in any one of the three misdemeanors

defined in the instructions, and in permitting the jury to consider whether the transportation of liquor was *connected with* the cause of the death of decedent. We think these instructions may well have been confusing to the jury and tended to overemphasize the importance of the fact of the presence of intoxicating liquor in defendant's car. Under these instructions, a conviction might have been had if four of the jurors believed the defendant was driving recklessly, four of the jurors believed he was driving on the wrong side of the road though not reckless in so doing, and the remaining four believed that defendant was not reckless and was not unjustifiably on the wrong side of the road but was transporting liquor and, but for the transporting of liquor, would not have been on the road at all and the collision could never have happened. Admittedly, it was difficult to frame the issues and instruct properly on the basis of an information as poorly drawn as the one in this case.

After a careful reconsideration of the entire matter, we are inclined to the opinion that the instructions as given may very possibly have confused or misled the jurors, or some of them, to the prejudice of defendant, and we now think, therefore, that the judgment and order appealed from ought to be reversed and the cause remanded for a new trial. The former opinion herein is withdrawn.

POLLEY and WARREN, JJ., concur.

ROBERTS, J., not sitting.

RUDOLPH, J., dissents.